Thursday, January 19, 1989

## MOTION DOCKET

**84-642.** State v. Maurer. *Stark County,* No. 6166.

On October 30, 1987, this court stayed the execution of sentence in this cause pending exhaustion of appellant's post-conviction remedies. On October 12, 1988, this court overruled appellant's motion to clarify the record in case No. 88-1092, which case was pending as a post-conviction case. The appellant having now exhausted his state post-conviction remedies, IT IS ORDERED by the court that the October 30, 1987 entry staying the issuance of the mandate of December 20, 1984 and the execution of sentence pending the exhaustion of all proceedings for post-conviction relief be, and the same is hereby, revoked, effective January 17, 1989.

IT IS FURTHER ORDERED by the court that said sentence be carried into execution by the Superintendent of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Superintendent on Monday, the 17th day of April, 1989, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Superintendent of the Southern Ohio Correctional Facility and that said Superintendent shall make due return thereof to the Clerk of the Court of Common Pleas of Stark County.

**86-193.** State v. Steffen. *Hamilton County,* No. C-830445.

Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Hamilton County Court of Common Pleas, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 17, 1989.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and the same are hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

**87-1530.** State v. Manross. *Ashtabula County,* No. 1295.

This cause came on for further consideration upon the state's motion to revoke bond set herein by entry dated December 16, 1987. Upon consideration thereof, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 17, 1989.

## MISCELLANEOUS DISMISSALS

**88-1497.** Cyclops Corp. v. Tompkins. Appeal from the Board of Tax Appeals, Nos. 86-B-898 and 87-H-624. Cause dismissed, on joint application of counsel for the parties, effective January 18, 1989.

**88-1701.** In re Adoption of Hale. *Lake County,* No. 12-238. Cause dismissed, on application of counsel for appellant, effective January 18, 1989.

**88-1834.** In re Estate of McKay. *Portage County,* No. 1876. Cause dismissed, on application of counsel for appellant, effective January 13, 1989.

**88-2108.** In re Adoption of Hale. *Lake County,* No. 12-238. Cause dismissed, on application of counsel for appellant, effective January 18, 1989.

Wednesday, January 25, 1989

## MERIT DOCKET

**88-1831.** Gawloski v. Dallman.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright and Resnick, JJ., concur.

H. Brown, J., would deny the writ of habeas corpus, but he would treat the cause as one for an action in mandamus, grant an alternative writ for the purpose of ascertaining whether respondent has complied with all applicable regulations, and set the cause for briefing.

**88-2123.** Sherrills v. McMackin. In Habeas Corpus. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.